IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ALL AMERICAN TITLE LOANS, INC., | ) | C/A NO. 0:05-1280-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | **DENYING MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| TITLE CASH OF SOUTH CAROLINA, | ) | |
| INC. and ROY A. HUTCHESON, JR., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendants' motion for summary judgment. For the reasons stated below, the motion is denied. The matter will be set for trial during the January term of court, with jury selection set for January 9, 2006.

**STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the

plaintiff lacks sufficient evidence.  The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985).  Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion."  *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

## DISCUSSION

Through this action, Plaintiff seeks recovery under various theories for Defendants' use of the name "All American" or "All American Title Loans" in the operation of a cash-for-title loan business.  This use followed Defendants' April 2003 purchase of the majority of the assets of two of Plaintiff's business locations in Columbia, South Carolina.

It is essentially undisputed that Plaintiff offered Defendants the opportunity to purchase the right to use the All American name at the relevant locations but that Defendants affirmatively declined to purchase this right.  The parties to the contract, therefore, struck through and initialed the relevant language in the asset-sale contract.  This left a somewhat ill-defined (mostly oral) agreement to allow Defendants to use signs containing the All American name for a limited period of time, as well as the right to continue use of existing Yellow Pages advertising, at least until the next edition was published.

It also appears to be undisputed that Defendants or their agents initially agreed they would cease using the signs and return them to Plaintiff, then sought to extend the date of return based on a claim that substitute signs were being made.  While possibly not known to the agent who made the

2

representation, these statements were, apparently, false as Defendants had, by the time the statements were made, decided to continue using the "All American" name and signs. This decision was, according to Defendants, based on their belief that Plaintiff did not own the rights to the name "All American."

There is evidence that Plaintiff did not have exclusive rights to use the "All American" name in the context of the cash-for-title business in South Carolina at the relevant time. Most particularly, there were other cash-for-title loan locations operated under the All American name in South Carolina. These locations were owned and operated by a relative of Plaintiff's sole stockholder. That individual also sold his assets to Defendants in or around April 2003, and gave permission for Defendant to use the "All American" name, at least in the relevant locations. Precisely what rights were granted by the third party, and the scope of that individual's ownership of the right to use the "All American" name are, however, not completely clear from the present record.

There is also some evidence that Plaintiff may, ultimately, have abandoned or lost its rights to the name "All American Title Loans," at least for certain purposes. Some of this evidence relates to matters which occurred at or near the time of the asset sale (*e.g.*, lapse of state registration and cessation of loan-making aspect of business). Other evidence, however, necessarily rests on facts which developed over the course of several years (*e.g.,* a presumption based on non-use for three years). Defendants could not have relied on the latter category of evidence for actions at or near the time of the asset sale.

In any case, there is evidence from which a jury might conclude that Plaintiff retained and did not abandon whatever rights it held to the name All American Title Loans. This includes evidence that: Plaintiff continued to use the name in collecting loans (an aspect of the title loan

business); advised Defendants of its intent to continue to use the name; asked Defendants to cease using the name and to return the signs; sought in September 2003 to reregister the name (although there were problems with this registration); and made affirmative, though unsuccessful efforts to open a new location. Whether Plaintiff acted with adequate diligence to protect its rights may be subject to dispute, but that is a dispute for the jury to resolve.

Under these circumstances, the court finds genuine issues of material fact which preclude summary judgment as to liability. The court, likewise, finds that no theory of damages may be wholly precluded at this time. The court may, as appropriate, revisit these issues at the conclusion of Plaintiff's case.

## TRIAL SCHEDULE

The pretrial schedule shall be as follows:

1. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **November 17, 2006.** *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov).

2. No later than **November 20, 2006**, the parties shall advise the court as to the anticipated length of trial.

3. No later than **November 30, 2006**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4). *See* Local Civil Rule 30.03(J) (video deposition additional requirements).

4. Motions in limine must be filed at least three weeks prior to jury selection **(December 19, 2006)**. In light of the intervening holiday, responses to any such motions shall be due **January 5, 2007**.

4

5.      Parties shall furnish the court pretrial briefs five (5) business days prior to the date set for jury selection (Local Civil Rule 26.05).[1]  Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits.  *See* Local Civil Rule 26.07.

6.      This case shall be called for trial during the **January 2007** term of court, with jury selection set for **January 9, 2007.**  A tentative trial date will be set at or near the time for jury selection.

The court has considered the intervening holidays in establishing the schedule set forth above.  Further extensions will not be granted absent extraordinary circumstances.

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is denied and the pretrial schedule is modified as set forth above.

**IT IS SO ORDERED.**


                                        s/ Cameron McGowan Currie
                                        CAMERON MCGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 1, 2006


C:\temp\notesB0AA3C\05-1280  all american v title cash- deny SJ.wpd

---

[1]  Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.

5